IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

**STATE OF TENNESSEE v. KEION LAMONTE JEMISON**

**Appeal from the Criminal Court for Davidson County**
**No. 2022-B-1245     Steve R. Dozier, Judge**

_____

**No. M2025-00142-CCA-R3-CD**

_____

Defendant, Keion Lamonte Jemison, appeals from his convictions for reckless homicide, aggravated assault resulting in death, aggravated assault with a deadly weapon, and possession of a firearm by a person convicted of a felony crime of violence, for which he is serving an effective twenty-three-year sentence. On appeal, he argues that the trial court erred by sentencing him for Class B felony possession of a firearm by a person convicted of a crime of violence, arguing that aggravated assault by recklessness is not included in the statutory definition of a "crime of violence." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Nathan S. Moore, Nashville, Tennessee, for the appellant, Keion Lamonte Jemison.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Derick Blakely, Wesley King, and Nicholas Harris, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the January 14, 2022 shooting death of Danny Dixson, Jr. The evidence at trial reflected that Mr. Dixson and his friend, Angela Scivally, were parked in a vehicle in front of Room 139 at the Stay Lodge Hotel in Nashville. Defendant, who had been in contact with Mr. Dixson for several months prior to the shooting, was the registered guest for Room 139. Defendant walked to the front driver's side window where Mr.

Dixson was sitting and asked him, "[W]hat about [my] bread." After Mr. Dixson offered him $30, Defendant became agitated, gestured at the hotel, and stated, "I owe this mother***er $350 for this." Defendant reached inside the window with a 9 millimeter pistol, shot Mr. Dixson once in the upper left thigh, and told Mr. Dixson that he could leave. Mr. Dixson drove to the end of the parking lot, drew a .22-caliber pistol, and shot back at Defendant several times, striking the window of Room 139. Mr. Dixson's femoral artery was severed by the initial gunshot, and he died shortly thereafter.

The June 2022 term of the Davidson County Grand Jury issued an indictment charging Defendant with second degree murder and aggravated assault resulting in death concerning Mr. Dixson (Counts 1 and 2); aggravated assault with a deadly weapon concerning Ms. Scivally; and possession of a firearm by a person convicted of a felony crime of violence (Count 4).

Defendant's sole issue on appeal is whether the trial court erred by sentencing him in Count 4 for a Class B felony instead of a Class E felony. We will limit our recitation of the facts accordingly.

Before trial began, the trial court addressed the parties outside the presence of the jury and discussed that, relative to Count 4, Defendant had the option to stipulate as to his prior felony conviction so that "the jury wouldn't be hearing that there was a prior crime of violence." The court noted that stipulating was not required, and defense counsel responded that Defendant "would prefer to stipulate." After a recess, the hearing resumed, and the State indicated that a stipulation would be entered; when asked whether he had anything to add, defense counsel responded negatively.

Before the close of the State's evidence, the trial court asked the parties outside the presence of the jury whether a stipulation would be entered. The prosecutor responded affirmatively and stated that the document had been signed by him and defense counsel. When the jury returned to the courtroom, the State read the stipulation aloud, and the signed stipulation was entered as an exhibit. The document read, "As evidenced by the signatures of counsel, the parties agree to stipulate to the following: [] Defendant in this case . . . had been convicted [of] a felony crime of violence or a felony involving the use of a deadly weapon prior to January 14, 2022."

The trial court issued the pattern jury instruction on stipulation, as follows: "You have heard a stipulation read into the record. A stipulation is an agreement between the parties that the facts read into the record may be taken by you, the Jury, as true, thereby dispensing with the necessity of calling witnesses to establish the subject matter of the stipulation." The jury convicted Defendant of the lesser-included offense of reckless homicide in Count 1 and the charged offenses in Counts 2, 3, and 4.

At a sentencing hearing, Defendant testified, in relevant part, that his prior conviction for "reckless aggravated assault" in Montgomery County Criminal Court case number 63CC1-2019-CR-5 resulted from his accidentally burning his daughter. Defendant raised in a sentencing memorandum that his conviction in Count 4 should be a Class E felony because aggravated assault was not included in the definition of "violent offenses" set out in Tennessee Code Annotated section 40-35-120(b). At the sentencing hearing, the State argued that the applicable statutory definition would be Tennessee Code Annotated section 40-35-501.

The trial court issued a written sentencing order, in which it found the following:

[T]he jury was charged to determine guilt on "Unlawful Possession of a Firearm by a Convicted Felon" where the first element was "that the defendant had been convicted of a felony crime of violence or involving the use of a deadly weapon." At trial, an agreed stipulation was read to the jury that Defendant had previously been convicted of a felony crime of violence and the written form was entered as an exhibit. Defendant stipulated to the element of the crime he now argues should not apply in the sentencing determination. The jury, in their role as fact finders, considered this essential, stipulated element of the crime and returned a guilty verdict for Count 4.

. . . .

Additionally, Defendant recommends the [c]ourt consider that reckless aggravated assault is not a crime of violence, irrespective that an unnamed felony crime of violence was stipulated at trial. As proof, Defendant cites Tenn. Code Ann. § 40-35-120(b) where reckless aggravated assault is not listed to determine a repeat violent offender. The [c]ourt observes the cited statute is for a determination of a life sentence without parole, for which Defendant is not eligible nor has the State sought by written notice . . . . For a determination of whether a defendant meets the criteria of a previous conviction of a crime of violence, our legislators have provided a definition under the appropriate title. Tenn. Code Ann. § 39-17-1301(3). Aggravated assault of any degree is included as a crime of violence. *Id.*

Relative to Count 4, the trial court imposed a fifteen-year sentence at 85% release eligibility. Defendant subsequently filed an untimely notice of appeal, but this court waived the timely filing requirement upon Defendant's request.

- 3 -

## Analysis

On appeal, Defendant contends that "[r]eckless aggravated assault is not a crime of violence according to the Tennessee [C]ode"; that he "was wrongly sentenced as a Range II offender for a Class B felony." Defendant avers that previously this court "wrongly decided that reckless aggravated assault is a violent felony," citing *State v. Brown*, No. E2019-01068-CCA-R3-CD, 2020 WL 2510527, at *6 (Tenn. Crim. App. May 15, 2020), *perm. app. denied* (Tenn. Sept. 16, 2020), and urges us to draw a distinction between aggravated assaults involving recklessness as opposed to knowing or intentional behavior. Finally, Defendant argued that the trial court "usurped" the role of the jury by instructing it that, as a matter of law, aggravated assault by recklessness is a felony crime of violence."

Possession of a firearm by a convicted felon is a Class E felony; however, if the prior conviction was for a "felony crime of violence," the offense is a Class B felony. Tenn. Code Ann. § 39-17-1307(b)(1)(A), (b)(2), (c)(1), (c)(2). Tennessee Code Annotated section 39-17-1301(3) sets out that for purposes of the firearm possession statutes, a '[c]rime of violence'" includes any degree of murder, voluntary manslaughter . . .[and]aggravated assault."

When statutory language is clear and unambiguous, as it is in this case, we simply apply its plain meaning. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). In *Brown*, this court aptly discussed,

> Aggravated assault is defined as a crime of violence, and aggravated assault can be accomplished with intentional, knowing, or reckless conduct. The mens rea affects the felony classification for purposes of punishment. Although the parties refer to the conviction offense as reckless aggravated assault, the conviction offense is aggravated assault, which in this case is based upon reckless conduct.

*Brown*, 2020 WL 2510527, at *6. Any intentional, knowing or reckless aggravated assault is a crime of violence. Tenn. Code Ann. § 39-17-1307(b)(1)(A).

Furthermore, as the trial court correctly noted, Defendant may not stipulate at trial that he was previously convicted of a crime of violence and then contest it on appeal. *State v. Richards*, No. 02C019202-CR-00027, 1992 WL 163414, at *2 (Tenn. Crim. App. July 15, 1992) ("When a party makes a concession by stipulation, that party is bound by that decision on direct appeal[.]"); Tenn. R. App. P. 36(a) (stating that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"). Defendant was indicted for Class B felony possession of a weapon by

a person convicted of a crime of violence or involving a deadly weapon. At trial, he stipulated that he had been "convicted a felony crime of violence or a felony involving the use of a deadly weapon prior to January 14, 2022." By its verdict, the jury found that Defendant was guilty of a Class B felony offense. The trial court properly sentenced Defendant for a Class B felony.

Finally, relative to Defendant's contention that the trial court usurped the role of the jury in its instructions, this section of Defendant's brief does not contain references to the record and, as such, he has waived consideration of the issue. *See* Tenn. R. App. P. 27(a)(7)(A) (stating that an appellate brief shall contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor . . . with citations to the authorities and appropriate references to the record."); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").[1] In addition, Defendant failed to raise the issue in a motion for new trial.[2] "A party challenging erroneous or inaccurate jury instructions must at least raise the issue in the motion for new trial." *State v. Odom*, No. M2022-00756-CCA-R3-CD, 2023 WL 4171011, at *5 (Tenn. Crim. App. June 26, 2023) (citing *State v. Faulkner*, 154 S.W.3d 48, 58 (Tenn. 2005)). Finally, we note that the trial court could not have usurped the jury's role in this regard because Defendant stipulated that he had been convicted of a felony crime of violence. Defendant is not entitled to relief.

---

[1] We briefly note that the trial court did not instruct the jury that aggravated assault by recklessness was a crime of violence. Our review of the record reflects that the only mention of a "crime of violence" in the jury instructions was in the list of elements for Count 4: "(1) that the defendant had been convicted of a felony crime of violence or involving the use of a deadly weapon; and (2) that the defendant, after such felony conviction, possessed a firearm; and (3) that the defendant acted either intentionally, knowingly or recklessly." We further note that Defendant's trial occurred in July 2024, before our supreme court announced its opinion in *State v. Curry*, 705 S.W.3d 176, 191-92 (Tenn. 2025). Pursuant to *Curry*, for purposes of unlawful possession of a firearm by a convicted felon, if a prior conviction is one of the enumerated crimes of violence set out in Tennessee Code Annotated section 39-17-1301(3), the trial court should instruct the jury that the conviction is a crime of violence. *Id.* at 192.

[2] Defendant stated in his "motion to file untimely notice of appeal" in this court that he did not file a motion for new trial.

## **Conclusion**

In light of the foregoing and the record as a whole, the judgments of the trial court are affirmed.


_s/ Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE